IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LAFAYTHIA WYCHE,

**Plaintiff,**

v.                                                      Civil Action No. 3:16cv114

NEIL KUCHINSKY, *et al.*,

**Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on two motions: (1) the Motion to Dismiss filed by Defendant Neil Kuchinsky (the "Kuchinsky Motion to Dismiss"), (ECF No. 22); and, (2) the Motion to Dismiss filed by Defendants LexisNexis Risk Solutions, Inc., and RELX ANV, Inc. (collectively, the "Lexis Defendants") (the "Lexis Motion to Dismiss"), (ECF No. 24). Wyche has responded to the Kuchinsky Motion to Dismiss, (ECF No. 35), and the Lexis Motion to Dismiss, (ECF No. 34). Kuchinsky did not reply to Wyche's response. The Lexis Defendants replied to Wyche's response. (ECF No. 38.) The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. Accordingly, the matters are ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.[1] For the reasons that follow, the Court will grant the Lexis Motion to Dismiss, (ECF No. 24), and grant the Kuchinsky Motion to Dismiss, (ECF No. 22). The Court will dismiss Wyche's Amended Complaint. (ECF No. 20.)

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Amended Complaint alleges violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*

## I. Factual and Procedural Background

### A. Procedural Background

Wyche filed her Complaint against Kuchinsky and the Lexis Defendants on February 24, 2016. Kuchinsky filed an Answer to the Complaint, (ECF No. 7), and the Lexis Defendants filed a Motion to Dismiss, (ECF No. 15). On August 25, 2016, Wyche filed an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).[2] (ECF No. 20.) Kuchinsky filed the Kuchinsky Motion to Dismiss on September 8, 2016, (ECF No. 22), and the Lexis Defendants filed the Lexis Motion to Dismiss the same day, (ECF No. 24).

### B. Summary of Allegations in the Amended Complaint[3]

Wyche's short Amended Complaint alleges violations of the FCRA stemming from Kuchinsky's purported use of Wyche's "consumer report without a permissible purpose to do so." (Am. Compl. ¶ 9.) Wyche asserts that Kuchinsky obtained her "consumer report" from the Lexis Defendants to use "as evidence at an adoption-related hearing before the Petersburg Juvenile and Domestic Relations District Court." (*Id.* ¶ 8.) Wyche avers that Kuchinsky "represented to the [Lexis Defendants] that he was accessing [her consumer] report for a permissible purpose," (*id.* ¶ 10), but that he in fact "had no legal basis to request or obtain" her consumer report, (*id.* ¶ 11). Wyche claims that either one or both of the Lexis Defendants "provided and published [her] consumer report to Defendant Kuchinsky without [a] permissible

---

[2] Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Wyche filed her Amended Complaint with the Lexis Defendants' consent and the Court's leave. (*See* ECF No. 21.)

[3] For purposes of the motions to dismiss, the Court will assume the well-pleaded factual allegations in the Complaint to be true and will view them in the light most favorable to Plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

purpose and without reasonable procedures" to ensure that Kuchinsky had a permissible purpose. (*Id.* ¶ 13.)

Wyche's Complaint alleges three counts:

Count I: Violation of 15 U.S.C. § 1681b(a) (against Lexis Defendants only): the Lexis Defendants negligently provided Wyche's consumer report to Kuchinsky without a permissible purpose to do so. (Am. Compl. ¶¶ 14–17.)

Count II: Violation of 15 U.S.C. § 1681e(1) (against Lexis Defendants only): the Lexis Defendants negligently provided Wyche's consumer report to Kuchinsky without reasonable procedures to assure "the proper use of and lawful purpose for such reports." (Am. Compl. ¶¶ 18–21.)

Count III: Violation of 15 U.S.C. § 1681b(f) (against Kuchinsky only): Kuchinsky negligently obtained and used Wyche's consumer report without a permissible purpose and without accurately and lawfully certifying a permissible purpose. (Am. Compl. ¶¶ 22–25.)

Wyche seeks compensatory damages, attorneys' fees, and costs under 15 U.S.C. § 1581*o* for Defendants' alleged violations. (Am. Compl. at 5.)

## II. Analysis: The Lexis Motion to Dismiss

The Lexis Defendants seek dismissal under Federal Rule of Civil Procedure 12(b)(6).[4] The Lexis Defendants' primary argument in support of the Lexis Motion to Dismiss is that Wyche's Amended Complaint must be dismissed because she asserts only the "legal conclusion that the report was a 'consumer report' without alleging any facts supporting that conclusion." (Mem. Supp. Lexis Mot. Dismiss 1–2, ECF No. 25.)

### A. Motion to Dismiss for Failure to State a Claim Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

---

[4] Rule 12(b)(6) provides that a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

3

1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (citing *Twombly*, 550 U.S. at 570; Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted).

B.  **Wyche Fails to Plead Facts Sufficient to State All Elements of Her Claims Against the Lexis Defendants**

Wyche's Amended Complaint asserts two counts against the Lexis Defendants. Count One alleges that the Lexis Defendants negligently violated "15 U.S.C. § 1681b by providing [Wyche's] consumer reports [sic] to Defendant Kuchinsky without a permissible purpose to do so." (Am. Compl. ¶¶ 15, 16.) Count Two avers that the Lexis Defendants negligently violated "15 U.S.C. § 1681e(a) by providing [Wyche's] consumer report to Defendant Kuchinsky without reasonable procedures to assume [sic] the proper use of and lawful purpose for such reports." (Am. Compl. ¶¶ 19, 20.) Wyche fails to plead facts sufficient to state the elements of either count. On both counts, Wyche's pleading fails because she alleges only a conclusory allegation that the Lexis Defendants provided Kuchinsky with her "consumer report." (Am. Compl. ¶ 19.) This assertion, devoid of facts is "no more than a conclusion[], [and is] not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

1.  **Wyche Fails to Plead Facts Sufficient to State a Claim that the Lexis Defendants Violated Section 1681b**

Section 1681b provides that a consumer reporting agency ("CRA") may not furnish a consumer's credit report to third parties except in the circumstances listed in § 1681b(a).[5] The

---

[5] Those exclusive circumstances are:

> (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.
>
> (2) In accordance with the written instructions of the consumer to whom it relates.
>
> (3) To a person which it has reason to believe—
>
> > (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an

"FCRA does not impose strict liability on consumer reporting agencies for [violations of the Act]. Instead, [the] FCRA imposes liability for negligent noncompliance with the Act, and it allows for enhanced penalties for willful violations." *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 417 (4th Cir. 2001) (citing 15 U.S.C. §§ 1681n, 1681*o*). Thus, to state a claim against the Lexis Defendants for a violation of 15 U.S.C. § 1681b, Wyche must allege facts showing that: (1) the Lexis Defendants are both CRAs under the FCRA; (2) the Lexis Defendants "furnished" a copy of Wyche's "consumer report"; (3) the Lexis Defendants did so without a permissible statutory purpose; and, (4) the Lexis Defendants acted either negligently or willfully. *See* 15 U.S.C. §§ 1681b(a), 1681n, 1681*o*; *cf. Witt v. CoreLogic SafeRent, LLC*, No.

---

account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

(F) otherwise has a legitimate business need for the information—

 (i) in connection with a business transaction that is initiated by the consumer; or

 (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

(G) executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards.

15 U.S.C. § 1681b(a).

3:15cv386, 2016 WL 1441369, at *7 (E.D. Va. Apr. 8, 2016), *on reconsideration in non-relevant part*, No. 3:15cv386, 2016 WL 4424955 (E.D. Va. Aug. 18, 2016) (stating elements to establish that a defendant *received* a consumer report for an impermissible purpose). Because Wyche fails to plead facts sufficient to establish that the document the Lexis Defendants allegedly furnished to Kuchinsky was a "consumer report" under the FCRA, Wyche fails to state a claim that the Lexis Defendants violated 15 U.S.C. § 1681b.

> The FCRA defines a "consumer report" as
> 
> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—
> 
>     **(A)**    credit or insurance to be used primarily for personal, family, or household purposes;
>     **(B)**    employment purposes; or[,]
>     **(C)**    any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1). Thus, "a consumer report is made up of three elements: (1) information communicated by a consumer reporting agency; (2) bearing on any one of a list of factors, and (3) that is used or expected to be used or collected in whole or in part for any one of several purposes." *Benzing v. Tharrington-Smith, LLP,*, No. 5:10cv533, 2012 WL 169946, at *4 (E.D.N.C. Jan. 19, 2012) (citing *Yang v. Gov't Emps. Ins. Co.*, 146 F.3d 1320, 1323 (11th Cir. 1998)).

Without conceding that they are CRAs or that they furnished anything to Kuchinsky, the Lexis Defendants assert that Wyche's Amended Complaint fails because her "mere recitation that Defendants provided and published a 'consumer report' without any allegations supporting the conclusion that the report was a 'consumer report,' as the FCRA defines that term, falls far short of the" pleading requirements of the Federal Rules of Civil Procedure. (Lexis Defs.'s

Mem. Opp. 4, ECF No. 25.) The Lexis Defendants argue that Wyche's "conclusory allegation" that "Kuchinsky obtained a 'consumer report'" from the Lexis Defendants "is insufficient under well-established pleading standards." (*Id.* at 8.) Rather, the Lexis Defendants aver, Wyche must

> affirmatively plead facts that the report about her was prepared by an entity that meets the statutory definition of a "consumer reporting agency," and that the report about her was used to determine her eligibility for a statutorily enumerated benefit, and that Defendants knew or should have known of such a use which violated its policies and terms of use.

(*Id.*)

In response, Wyche counters that the Lexis Defendants "confuse Plaintiff's ability to *state* a claim with whether she will eventually *win* it." (Mem. Opp. Lexis Defs.' Mot. Dismiss 7, ECF No. 34.) Wyche argues that her Amended Complaint includes enough information to give the Lexis Defendants "adequate notice of her claim and its foundations." (*Id.* at 5.) Because "[w]hether a communication fits within [the FCRA's definition of a consumer report] typically requires the resolution of questions of fact relating to the information that is communicated and the purpose for which it is intended or actually used,"(*id.* at 4), "[s]upporting information for both sides' cases will be brought forth in discovery," (*id.* at 5). Wyche urges the Court to deny the Lexis Motion to Dismiss because the Lexis "Defendants pin their entire Motion on arguments regarding the status of a product that even they cannot specifically identify for the Court." (*Id.* at 6.) The Lexis Defendants' arguments fail, according to Wyche, because "[t]hey take Plaintiff to task for not identifying the product . . . , and yet they provide no genuine insight whatsoever as to what Mr. Kuchinsky actually bought." (*Id.*)

Wyche's arguments reflect a misunderstanding of the pleading standards in federal court. At this stage, the Lexis Defendants have no obligation to "identify for the Court" the product that Wyche alleges to be a "consumer report" as the FCRA defines that term. Rather, *Wyche* has the burden of pleading facts sufficient to "allow[] the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). She fails to do so.

*Twombly* and *Iqbal* require the Court to distinguish claims that are plausible from those that are not by differentiating between "'on the one hand, statements alleging in a conclusory manner a defendant's conformity to legally proscribed activity with accompanying threadbare facts, and on the other, statements containing factual allegations that, separated from mere restatements of legal elements of a claim, assert plausible grounds for relief.'" *Witt*, 2016 WL1441369, at *4 (quoting *Gutierrez v. TD Bank*, No. 11-5533, 2012 WL 272807, at *5 (D.N.J. Jan. 27, 2012)). Allegations of wrongful conduct framed "'exclusively within the terms of the relevant statutes or case law authority' fail to meet this standard." *Id.* (quoting *Gutierrez*, 2012 WL 272807, at *5). To survive a motion to dismiss, a plaintiff must plead enough factual content to "nudge[] [his or her] claims across the line from conceivable to plausible," *Twombly*, 550 U.S. at 570, because the Federal Rules "do[] not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal*, 556 U.S. at 678–79.

Throughout her Amended Complaint Wyche refers to a "consumer report" that the Lexis Defendants allegedly provided to Kuchinsky, who purportedly used it for an impermissible purpose. (Am. Compl. ¶¶ 8–12, 15, 19, 23.) Absent from her pleadings, however, are any *factual allegations* about the document that the Lexis Defendants purportedly provided to Kuchinsky.[6] Wyche asserts no facts at all about what was in the document the Lexis Defendants allegedly provided to Kuchinsky from which this Court could infer that the item to which she

---

[6] Wyche also does not attach a copy of the document that she alleges Kuchinsky "us[ed] . . . against her in a proceeding in the Petersburg Juvenile and Domestic Relations District Court." (Am. Compl. ¶ 12.) Had she done so, and had the document contained information sufficient to support an inference that it was a "consumer report," Wyche could have satisfied her pleading burden under Federal Rule of Civil Procedure 8. *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) ("[I]n the event of conflict between the bare allegations of the complaint and any attached exhibit . . . , the exhibit prevails.").

refers as a "consumer report" was in fact a "consumer report" under the FCRA's definition of that term. *See* 15 U.S.C. § 1681a(d)(1). Instead, her Amended Complaint contains only threadbare facts and amounts to merely a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted); *see Edwards v. Equifax Info. Servs. LLC, et al.*, No. 3:09cv622, 2009 WL 5178264, at *2 (E.D. Va. December 24, 2009) (granting defendant's motion to dismiss because plaintiff's allegations that defendant violated the FCRA by "using or obtaining his consumer report without consent or a permissible purpose .... are merely legal conclusions and a recitation of the elements of 15 U.S.C. § 1681b(f)").

Wyche's allegations that the Lexis Defendants provided Kuchinsky with her "consumer report," without allegations that could support an inference that the document provided *was* in fact a consumer report, "are exactly the sort of threadbare, conclusory generalizations that the Supreme Court condemned in *Iqbal* and *Twombly*, and are insufficient to support any plausible claim under the FCRA." *Witt*, 2016 WL 1441369, at *6; *see also Iqbal*, 556 U.S. at 686 ("[T]he Federal Rules [of Civil Procedure] do not require courts to credit a complaint's conclusory statements without reference to its factual context."). Because Wyche fails to plead any facts a that could lead this Court to reasonably infer that the document at issue qualifies as a consumer report under the FCRA, she fails to "allege facts sufficient to state all the elements of her claim" that the Lexis Defendants violated 15 U.S.C. § 1681b, and the Court must dismiss Count I. *See Bass*, 324 F.3d at 765 (citations omitted).

### 2. Wyche Fails to Plead Facts Sufficient to State a Claim that the Lexis Defendants Violated Section 1681e

Section 1681e of the FCRA requires that CRAs maintain "reasonable procedures designed to ... limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e. These procedures

10

require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

15 U.S.C. § 1681e. Wyche alleges that the Lexis Defendants, "or one of them, provided and published the Plaintiff's consumer report to Defendant Kuchinsky without [a] permissible purpose and without reasonable procedures to obtain verification that [Kuchinsky] had a permissible purpose to obtain the Plaintiff's consumer report." (Am. Compl. ¶ 13.)

To state a claim that the Lexis Defendants violated the "reasonable procedures" requirement of § 1681e(a), Wyche "'must first show that the reporting agency released the report in violation of § 1681b.'" *Alston v. Branch Banking & Trust Co.*, No. 15-3100, 2016 WL 4521651, at *8 (D. Md. Aug. 26, 2016) (quoting *Harris v. Database Mgmt. & Mktg., Inc.*, 609 F. Supp. 2d 509, 517 (D. Md. 2009)). By failing to plausibly allege facts supporting an inference that the Lexis Defendants released her "consumer report," Wyche fails to state a claim that the Lexis Defendants released her credit report in violation of 15 U.S.C. § 1681b. Therefore, Wyche cannot state a claim that the Lexis Defendants violated section 1681e, and the Court must dismiss Count Two.

### III. Analysis: The Kuchinsky Motion to Dismiss[7]

#### C. Wyche Fails to Plead Facts Sufficient to State All Elements of Her Claim Against Kuchinsky

Wyche's Amended Complaint asserts only one count against Kuchinksy. Count Three avers that Kuchinsky negligently violated "15 U.S.C. § 1681b(f) by obtaining and using the Plaintiff's consumer reports without a permissible purpose to do so," and "by failing to accurately and lawfully certify a permissible purpose to the LexisNexis Defendants." (Am. Compl. ¶¶ 23–25.) Wyche fails to plead facts sufficient to state a claim against Kuchinsky because she avers only the conclusory allegation that the Lexis Defendants provided Kuchinsky with Wyche's "consumer report." (Am. Compl. ¶ 19.) This assertion, devoid of facts, is "no more than a conclusion . . . [and is] not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

To state a claim for a violation of 15 U.S.C. §1681b(f), Wyche must allege facts showing that: "'(i) there was a consumer report; (ii) [Kuchinsky] used or obtained it; (iii) [Kuchinsky] did so without a permissible statutory purpose; and[,] (iv) [Kuchinsky] acted with the specified culpable mental state." *Witt*, 2016 WL 1441369, at *7 (quoting *King v. Equable Ascent Fin.*,

---

[7] The Kuchinsky Motion to Dismiss argues that

> the phrase ["credit report"] is a mere conclusory statement, and the existence of a true credit report in the circumstances alleged is a prerequisite to Wyche being able to proffer any claim whatsoever. The [C]ourt cannot simply take the word of the plaintiff that she has been damaged by misuse of a credit report via a unilateral conclusion that the document is a credit report, without the report being offered to the [C]ourt.

(Mem. Supp. Kuchinsky Mot. Dismiss 3–4, ECF No. 23.) To be clear, as discussed above, in deciding the Kuchinsky Motion to Dismiss, the Court *does* "take the word of the plaintiff," by accepting as true all her well-pleaded factual allegations. Moreover, "the existence of a true credit report in the circumstances alleged" is *not* a "prerequisite" to Wyche stating a claim for Kuchinsky's violation of the FCRA. However, *factual* allegations sufficient to allow the Court to *infer* that Kuchinsky obtained a "credit report" as defined by the FCRA are required for Wyche to survive the Kuchinsky Motion to Dismiss.

*LLC*, 2013 WL 2474377, at *2 (M.D.N.C. June 10, 2013)). For the reasons discussed above, Wyche makes only conclusory allegations that the document Kuchinsky purportedly obtained and used constituted a consumer report. She alleges no *facts* supporting those allegations. Because Wyche fails to state a claim that Kuchinsky obtained her credit report in violation of 15 U.S.C. § 1681b(f), she cannot state a claim that Kuchinsky violated Section 1681b. The Court must dismiss Count Three.[8]

### IV. Conclusion

For the foregoing reasons, the Court the Court will grant the Lexis Motion to Dismiss and the Kuchinsky Motion to Dismiss. An appropriate Order will issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 5/19/2017
Richmond, Virginia

---

[8] The Kuchinsky Motion to Dismiss also purports to be brought under Federal Rule of Civil Procedure 12(b)(1), which allows a party to seek dismissal of a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). Kuchinsky's arguments supporting dismissal under Rule 12(b)(1) because of Wyche's purportedly faulty damages claims entirely miss the mark. However, the Court need not decide whether Wyche pleads sufficient facts about her purported emotional distress because she fails to allege any facts about the document at issue. Therefore, she fails to state a claim for a violation of 15 U.S.C. § 1681b(f).